```
              UNITED STATES DISTRICT COURT
            SOUTHERN DISTRICT OF MISSISSIPPI
                     EASTERN DIVISION


THS MISSISSIPPI FORUM ON CHILDREN
AND FAMILIES, A NOT FOR PROFIT
CORPORATION                                          PLAINTIFF


VS.                         CIVIL ACTION NO. 3:11CV730TSL-MTP


THE STATE OF MISSISSIPPI,
DEPARTMENT OF HUMAN SERVICES, AND
MR. RICHARD BERRY, EXECUTIVE DIRECTOR,
IN HIS OFFICIAL CAPACITY                            DEFENDANTS
```

MEMORANDUM OPINION AND ORDER

Presently pending in this cause for consideration are the motion by plaintiff The Mississippi Forum on Children and Families for preliminary injunction and application for temporary restraining order pursuant to Federal Rule of Civil Procedure 65; the motion of defendant Richard Berry, Executive Director of the Mississippi Department of Human Services (MDHS),[1] in his official capacity, for summary judgment on plaintiff's remaining claim against him for violation of its federal due process rights;[2]

---

[1] Plaintiff originally sued Don Thompson, in his official capacity as Executive Director of the Department of Human Services. Thompson has since been replaced by Richard Berry, and order was entered on January 18, 2012 substituting Richard Berry as the defendant. However, prior to the substitution, plaintiff moved to amend to add an individual capacity claim against Thompson.

[2] Plaintiff originally asserted federal and state law claims against the State of Mississippi, the Department of Human Services (MDHS) and the executive director of MMDHS in his official capacity. Defendants sought summary judgment on all

plaintiff's motion for partial summary judgment on its claim against Director Berry in his official capacity; plaintiff's motion to amend to add a claim against Director Berry in his individual capacity; and finally, plaintiff's motion to strike part of Jill Dent's affidavit submitted by defendants in support of their summary judgment motion.  Having considered the memoranda of authorities, together with attachments, submitted by the parties, the court concludes that defendants' motion for summary judgment is well taken and should be granted.  Consequently, the remaining motions are moot.

    The following facts are undisputed:

    On May 23, 2011, MDHS, through its Division of Early Childhood Care and Development (DECCD), published a Request For Proposals (RFP) for a subgrant running from October 1, 2011, through September 30, 2012.  The purpose of the RFP was "to solicit proposals from interested parties who can most effectively develop and implement early childhood educator professional development and credentialing programs for child care staff

---

claims against the State of Mississippi and MDHS and the state law claims against the executive director, in his official capacity, on grounds of Eleventh Amendment immunity.  In response to the motion, plaintiff confessed the motion as to these claims and moved to dismiss its federal claims against the State and MDHS and to dismiss its state law claims against all defendants.  An order was entered on January 18, 2012 granting plaintiff's motion to dismiss.  As a result, only the federal claims against Director Perry remain pending.  Those claims are the subject of both pending summary judgment motions.

throughout Mississippi." Proposals were to be made by "interested parties for the purpose of developing and implementing a statewide program offering professional development, including leadership development for child care program administrators..., and credentialing to child care providers." The program was to be designed to "assist child care providers in obtaining a CDA credential as well as a child care director professional credential."

    In response to the RFP, plaintiff Forum and three other responders submitted proposals. The proposals were analyzed by three randomly selected and qualified independent reviewers, who scored the proposals by responses to specific inquiries in different categories, with the result that a proposal submitted by Mississippi State University (MSU) received the highest average score. DECCD evaluated the independent reviewers' comments and scores, and reviewed each proposal, and ultimately, on August 24, 2011, awarded the subgrant to MSU for $858,516. On that date, Forum was notified by letter that its proposal had not been selected.[3]

---

    [3] Forum alleges that it was not properly notified on August 24, 2011 that it had not been awarded the subgrant, since the notification was not sent directly to Jane Boykin, Forum's president, but instead, a copy of the notification was sent from MDHS via email to a clerical employee of Forum. However, Forum acknowledges it became aware on August 24, 2011 that MDHS had decided that Forum would not receive the subgrant.

Believing that it would have received the highest score and been awarded the grant had the proposals been properly scored, Forum sought to file a formal "protest" to seek review and reversal of the award.[4] However, the RFP for the subgrant required that a formal protest be accompanied by a "protest bond" in the amount of the proposal[5]--in Forum's case, $810,000--and Forum was unable to secure the required bond. Nevertheless, and despite that fact that then-MDHS Director Thompson had expressly informed Forum that it was required to formally present the protest bond in order to protest the award, Forum filed a "Petition for Review" on September 26, 2011 without an

---

[4] The MDHS Subgrantee Manual provides for a protest on one or more of four grounds, including that "[e]rrors were made in computing scores upon which an award was based," that "MMDHS failed to follow procedures established by this RFP and/or applicable policies and procedures of MMDHS and/or the State of Mississippi," and "[b]ias, discrimination or conflict of interest on the part of an evaluator." Forum contends there were "multiple inaccuracies in scoring, bias in the scoring and failure to properly score its proposal with a deviation from the established practices and rules established by [MDHS]."

[5] The Manual stated, in part:
Requirement. As a condition precedent to filing a protest, the protestor must provide a Protest Bond as described in this Section. The protestor shall procure, submit to MMDHS with its written protest, and maintain in effect at all times during the course of the protest or appeal thereof, a Protest Bond in a sum equal to the amount of the protestor's proposal for the services required by this RFP.

4

accompanying protest bond.[6]  The same day, Forum filed suit in the Chancery Court of Hinds County contending the bond requirement was unreasonable and asking the court to declare MDHS's appeals procedure unduly burdensome and to strike the requirement of the protest bond.  Following a hearing on October 11, 2011, the Chancery Court issued its order denying Forum's request for injunctive relief, but granting Forum twenty days "to perfect an appeal in accordance with MDHS's appeal procedures."  On October 31, 2011, Forum sent Director Thompson a letter requesting that MDHS "waive the protest bond and proceed with the administrative hearing," and adding that "[i]f no response confirming waiver of the protest bond is received on or before five (5) calendar days from your receipt of this letter, The Forum will assume MMDHS has rejected this request."  MDHS did not respond to the October 31, 2011 letter, and on November 28, 2011, Forum filed the present action, alleging the protest bond requirement violates its federal procedural and substantive due process rights.  More specifically, Forum alleges it had a protected property interest in the right to protest MDHS's method of the scoring of the various proposals resulting in the awarding of the subgrant to some party other than

---

[6] In the petition, Forum contended that the scoring of Forum's proposal was flawed, and sought a hearing to present specific facts and legal argument to support Forum's purported protest.

Forum.  It contends the protest bond requirement is unduly burdensome and effectively deprives it of that right.

Defendants maintain that summary judgment is in order as Forum has not been deprived of any property interest protected by the Fourteenth Amendment.  The Fourteenth Amendment protects individuals against the deprivation of their property or liberty by state actors without procedural due process.  See Carey v. Piphus, 435 U.S. 247, 259, 98 S. Ct. 1042, 1050, 55 L. Ed. 2d 252 (1978).  A plaintiff seeking protection under the federal due process clause must first establish that it has a protected property interest.  Urban Developers LLC v. City of Jackson, Miss., 468 F.3d 281, 304 (5th Cir. 2006) (citing Bd. of Regents of State Colleges v. Roth, 408 U.S. 564, 92 S. Ct. 2701, 2709, 33 L. Ed. 2d 548 (1972)); see also American Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 119 S. Ct. 977, 989, 143 L. Ed. 2d 130 (1999) ("The first inquiry in every due process challenge is whether the plaintiff has been deprived of a protected interest in 'property' or 'liberty.'").  "In order for a person to have a property interest within the ambit of the Fourteenth Amendment, he 'must have more than an abstract need or desire for it.  He must have more than a unilateral expectation of it. He must, instead, have a legitimate claim of entitlement to it.'"  Blackburn v. City of Marshall, 42 F.3d 925, 936 (5th Cir. 1995) (quoting Roth, 408 U.S. at 577, 92 S. Ct. at 2709).  "[T]he sufficiency of the claim

6

of entitlement must be decided by reference to state law," Bishop v. Wood, 426 U.S. 341, 344, 96 S. Ct. 2074, 2077, 48 L. Ed. 2d 684 (1976), for the Constitution protects, but does not create property interests.  Instead, "'they are created and their dimensions are defined by existing rules or understandings that stem from an independent source such as state law.'"  Schaper v. City of Huntsville, 813 F.2d 709, 713 (5th Cir. 1987) (quoting Roth, 408 U.S. at 577, 92 S. Ct. 2701); see also Bryan v. City of Madison, Miss., 213 F.3d 267, 275 (5th Cir. 2000) (citing Schaper).

In the case at bar, Forum does not appear to challenge--at least not directly--defendants' contention that Forum had no protected property interest in the subgrant award.  It is clear that in Mississippi, where the government authority has discretion in awarding a contract, the law does not recognize a protected property interest in such contract until it is actually awarded. See Nelson v. City of Horn Lake ex. rel. Bd. of Aldermen, 968 So. 2d 938, 944 (Miss. 2007) (where City reserved discretion to award contract to "the lowest responsive, responsible Bidder," court held that the plaintiff had no vested property interest in government contract by virtue of its status as lowest bidder, stating, "Having never been awarded the Goodman Project contract, Nelson never had a 'legitimate claim of entitlement' to such contract."); Electronic Data Systems Corp. v. Mississippi Div. of Medicaid, 853 So. 2d 1192, 1207 (Miss. 2003) (holding that

disappointed bidder on contract with Mississippi Division of Medicaid "had no protected interest in the renewal or award of DOM's fiscal agent contract" and hence no cognizable due process claim).[7]

Forum obviously cannot claim a property interest on the basis that it was awarded the subgrant. On the issue of discretion, the court is uncertain whether, in addition to contending that it had a protected property interest in the right to appeal without providing a protest bond, Forum also takes the position that MDHS lacked discretion to decide to whom to award the contract. Forum does allude to what it characterizes as MDHS's lack of discretion in deciding whom to award the contract; but the entire focus of its argument is on its position that it had a property interest in its *right to protest* MDHS's award decision since MDHS's discretion with respect to Forum's right to appeal was limited by "a set of statutes or regulations sufficiently pervasive to define Forum's

---

[7] The court in Nelson acknowledged Shepard v. City of Batesville, No. 2:04CV330-D-B, 2007 WL 108288 (N.D. Miss. Jan. 8, 2007), in which the court found that Mississippi Code Annotated § 31-7-13 gave the plaintiff a protected property interest in projects for which he was the lowest and best bidder; but the Nelson court found Shepard distinguishable on the basis that in Shepard, "the plaintiff actually had been awarded various contracts over a two-year period, but had been used for only one project," and yet the City of Batesville used alternate bidders without providing the plaintiff any notice or hearing as to why he had not received the jobs. Nelson, 968 So. 2d at 944 (citing Shepard, 2007 WL 108288, *7). That is, according to the Nelson court, Shepard was distinguishable because the contract at issue had actually been awarded to the plaintiff.

right to an appeal and thus afford Forum a due process right to avail itself of the administrative appeals process without the necessity of posting an $810,000 [protest] bond...." However, any argument Forum might possibly be asserting that MDHS lacked discretion in the decision as to which proposal to accept is unsupported by the evidence. While Forum maintains it would have had the highest score and been awarded the contract had the proposals been properly scored, there was no requirement in the RFP that MDHS award the subgrant to the highest scored proposal. Rather, the award of the subgrant contract was expressly committed to the discretion of MDHS. The RFP recited: "The final award decision will be made by the Executive Director of MMDHS. The Executive Director may accept or reject the recommendations of the Evaluation Committee." Forum has otherwise identified no state statute or regulation that restricted the exercise of this discretion such as would have given Forum a legitimate claim of entitlement to the subgrant award. See Town of Castle Rock v. Gonzales, 545 U.S. 748, 756, 125 S. Ct. 2796, 162 L. Ed. 2d 658 (2005) (explaining that "a benefit is not a protected entitlement if government officials may grant or deny it in their discretion"); Ridgely v. Federal Emergency Mgmt. Agency, 512 F.3d 727, 735–736 (5th Cir. 2008) (explaining that in determining whether statutes and regulations limit official discretion, court is to look for "'"explicitly mandatory language," i.e., specific

9

directives to the decisionmaker that if the regulations' substantive predicates are present, a particular outcome must follow.'") (quoting Ky. Dep't of Corrections v. Thompson, 490 U.S. 454, 462–63, 109 S. Ct. 1904, 104 L. Ed. 2d 506 (1989)); see also Teigen v. Renfrow, 511 F.3d 1072, 1079–1080 (10th Cir. 2007) (finding no federally protected property interest where state law granted appointing authority discretion in making employment decisions and plaintiffs identified no state statute or regulation that so restricted the government employer's discretion in making such employment decisions as to grant public employees a legitimate claim of entitlement to these benefits); Curtis Ambulance of Florida, Inc. v. Board of County Com'rs of Shawnee County, Kan., 811 F.2d 1371, 1384 (10th Cir. 1987) (finding no property interest where plaintiff was "unable to demonstrate the existence of applicable local or state rules which sufficiently circumscribe the Board's authority to award the contract in dispute such that [the plaintiff] had anything other than a mere 'unilateral expectation' of receiving the ... contract"). It follows that since Forum was never awarded the contract, and the award was within the discretion of MDHS, Forum had no property interest in the subgrant contract.

Perhaps because it recognizes it had no property interest in the subgrant award itself, Forum asserts herein that its protected property interest is "the right to protest the method of the

10

scoring of the various proposals resulting in the awarding of the subgrant to some party other than the FORUM." For the reasons that follow, the court concludes that Forum has no protected property interest in the right to protest the award.

"An entitlement to nothing but procedure cannot be the basis for a property interest." Shepard v. City of Batesville, Miss., 2007 WL 108288, at *8 (N.D. Miss. Jan. 8, 2007). Thus, courts have consistently held that where there is no property interest in the underlying decision, there is no protected property interest in the procedures which attend the decision. See, e.g., Etere v. City of New York, 381 Fed. Appx. 24, 25, 2010 WL 2465551, 1 (2d Cir. 2010) (holding that where provisional employee had "no property interest in the employment, there [could] can be no property interest in the procedures that follow from the employment"); TriHealth, Inc. v. Bd. of Comm'rs, 430 F.3d 783, 793 (6th Cir. 2005) (explaining that a party "cannot have a protected property interest in the procedure itself, whereby the contract was or ought to have been awarded"); Anderson v. Kane, 152 F.3d 923 (table), 1998 WL 416499, 4 (9th Cir. 1998) (holding that probationary employees with no property interest in their subjective expectancy of tenure had no protected property interest in the procedures established for making decisions on promotion and tenure); Shvartsman v. Apfel, 138 F.3d 1196, 1199–1200 (7th Cir. 1998) (rejecting contention that property right existed in

procedures to contest decision regarding entitlement where entitlement itself was not a protected property interest; doing so "would make the scope of the Due Process Clause virtually boundless"); Garraghty v. Virginia Dep't of Corrections, 52 F.3d 1274, 1285 (4th Cir. 1995) (noting that state procedural requirements do not create a property interest in those procedures); Mumford v. Godfried, 52 F.3d 756, 759 (8th Cir. 1995) (holding that "a contractual right to have certain procedures followed does not create a property interest in the procedures themselves"); Todorov v. DCH Healthcare Auth, 921 F.2d 1438, 1463-1464 (11th Cir. 1991) (noting that where there was no protected interest in privileges, there was no property interest in the standards for granting the privileges because "the process due and the constitutionally protected property interest are separate and distinct elements"); Curtis Ambulance of Florida, Inc. v. Board of County Com'rs of Shawnee County, Kan., 811 F.2d 1371, 1377 (10th Cir. 1987) (observing that "[c]ourts generally agree that no property interest exists in a procedure itself, without more"); Scanlon v. Dept. of Mental Health, 828 F. Supp. 421, 427 (S.D. Miss. 1993) (stating it is "well-established that the mere existence of procedures ... does not in and of itself create a property right subject to federal due process requirements").

Along these lines, the Fifth Circuit in <u>Davis v. Dallas Independent School District</u>, No. 11-10090, 2011 WL 5299663 (5th Cir. 2011), considered the due process claim of a probationary employee following the nonrenewal of her employment with the defendant. The Fifth Circuit rejected the plaintiff's claim that she had a property interest in the investigation/investigative procedure that led to her nonrenewal, stating,

> First, we reject Davis's contention that she had a property interest in any particular type of "investigation." Davis cites no authority (and we are aware of none) to support the position that she has a property interest in a certain "investigation" or investigative procedure under Texas law. In fact, Texas courts have consistently concluded that procedural regulations (or an agency's failure to follow those procedures) do not themselves give rise to a property right. As one court has explained:
>> A state agency's failure to follow its own procedural rules governing employment will not create a property interest which otherwise does not exist. An individual does not have a property interest in the rules themselves or in his or her state employer's observance of the rules. Rather, a property interest protected by procedural due process arises where an individual has a legitimate claim of entitlement that is created, supported, or secured by rules or mutually explicit understandings.
>
> <u>Alford v. City of Dallas</u>, 738 S.W.2d 312, 316 (Tex. App.–Dallas, 1987) (citations omitted); <u>see Cogdill v. Comal Indep. Sch. Dist.</u>, 630 F. Supp. 47, 49 (W.D. Tex. 1985) ("While the failure to comply with the state procedures may be the basis for a state law claim, it cannot suffice to create a property interest."); <u>see also Broughton v. Livingston Indep. Sch. Dist.</u>, No. 9:08-CV-175, 2010 WL 4453763, at *10 (E.D. Tex. Nov.3, 2010) (holding that plaintiff "cannot establish a property interest in the [statutory procedures] of § 21.006 of the Texas Education Code") (citing <u>Cogdill</u>, 630 F. Supp. at 49). An investigation is not a property

> interest itself, but more appropriately constitutes the "due process" that would be required before deprivation of an actual property interest.

Davis, 2011 W5299663, at 10.

In its response to defendants' motion, Forum purports to acknowledge that it is generally true that an individual has no due process interest in a procedural process, but it argues that an exception exists "where the government actor's discretion is limited by statutory or administrative standards defining the protestor's eligibility for the benefit." It goes on to argue that federal and state regulations applicable to the proposal procurement and award process for the subgrant sufficiently circumscribed MDHS's discretion in that process to give Forum a due process interest in the administrative appeal (i.e., protest) process itself. It points, in particular, to federal regulations which it submits required MDHS to make the award by "competitive proposal," required "full and open competition," and required MDHS to have in place protest and dispute procedures;[8] and it notes

---

[8] The federal regulations on which Forum relies-all of which are found in 45 C.F.R. § 92.36-are inapplicable to States. See 45 C.F.R. § 92.36(a) ("When procuring property and services under a grant, a State will follow the same policies and procedures it uses for procurements from its non-Federal funds. ... Other grantees and subgrantees will follow paragraphs (b) through (i) in this section."); AlohaCare v. Hawaii, Dept. of Human Services, 567 F. Supp. 2d 1238, 1264 (D. Hawaii 2008) (observing that the provisions of § 92.36 do not apply to state contracts).

14

that state regulations similarly required "a fair and adequate hearing in contested cases involving disputes in such matters as subgrants."

In the court's opinion, the regulations cited by plaintiff, even if fully applicable, merely provide for a fair and competitive award process, and do not arguably give rise to a property interest in those procedures. In an analogous case, the plaintiffs in <u>Teigen v. Renfrow</u>, 511 F.3d 1072 (10th Cir. 2007), who had no property interest in certain promotions and transfers in light of the employer's discretion in making these employment decisions, nevertheless argued that "they possessed, and were deprived of, a protected property interest in the right to be *considered* for promotion and transfer according to the standards set forth in the Colorado Constitution and state statutes." <u>Id</u>. at 1080. They contended that the defendant's actions had "deprived them of the distinct right to be considered and evaluated based on merit, regardless of whether they possessed a property interest in actually obtaining the promotion or transfer," and in support of their position, cited various state constitutional and statutory provisions requiring that appointments and promotions be made on the basis of "merit and fitness," "demonstrated ability and quality," and "job-related knowledge, skills, abilities, competencies, behaviors, and quality of performance." <u>Id.</u> In holding that none of these provisions of

15

state law created a cognizable property interest for purposes of constitutional due process, the court explained:

> The subtle distinction between the right to be selected for promotion and the right to take part in the promotion process is insufficient to salvage Plaintiffs' due process claims. This court has explained "it is well established that an entitlement to nothing but procedure cannot be the basis for a property interest." [Robbins v. U.S. Bureau of Land Mgmt., 438 F.3d 1074, 1085 (10th Cir. 2006)] (quotation omitted). This is because "[p]rocess is not an end in itself," but instead serves only "to protect a substantive interest to which the individual has a legitimate claim of entitlement." Olim v. Wakinekona, 461 U.S. 238, 250, 103 S. Ct. 1741, 75 L. Ed. 2d 813 (1983). Although detailed and extensive procedural requirements may be relevant as to whether a separate substantive property interest exists, see [Hennigh v. City of Shawnee, 155 F.3d 1249, 1254 (10th Cir. 1998)], the procedures cannot themselves constitute the property interest. Here, Plaintiffs' claimed entitlement to be considered for promotion in accordance with the state system of merit is no more than a claim of entitlement to a fair process. Even assuming state law grants every state employee the right to be fairly considered for promotion, this right is not itself a substantive right, but rather a vehicle for arriving at the ultimate promotion decision. Where state law is not sufficiently restrictive to create a property interest in the underlying decision, there can be no property interest in the procedure used to make that decision.

511 F.3d 1072, 1080-81. See also Cleveland Bd. of Educ. v. Loudermill, 470 U.S. 532, 541, 105 S. Ct. 1487, 1492, 84 L. Ed. 2d 494 (1985) (stating that "the Due Process Clause provides that certain substantive rights—life, liberty, and property—cannot be deprived except pursuant to constitutionally adequate procedures. The categories of substance and procedure are distinct. Were the rule otherwise, the Clause would be reduced to a mere tautology.

'Property' cannot be defined by the procedures provided for its deprivation any more than can life or liberty."); Olim v. Wakinekona, 461 U.S. 238, 250-51, 103 S. Ct. 1741, 1748, 75 L. Ed. 2d 813 (1983) (explaining "process is not an end in itself . . . [t]he State may choose to require procedures for reasons other than protection against deprivation of substantive rights, of course, but in making that choice the State does not create an independent right.").[9]

From the foregoing, it is clear Forum had no property interest in the award of the subgrant, or in the procedures for

---

[9] The cases cited by plaintiff in support of a purported exception are inapposite. Forum references three deportation opinions which involved interpretations of various features of federal statutes that have no relevance beyond immigration proceedings. See INS v. St. Cyr, 533 U.S. 289, 121 S. Ct. 2271, 150 L. Ed. 2d 347 (2001) (discussing federal jurisdiction under federal habeas corpus statute); Arevalo v. Ashcroft, 344 F.3d 1, 10-16 (1st Cir. 2003) (examining retroactivity of changes in immigration laws); Carranza v. INS, 277 F.3d 65, 72-73 (1st Cir. 2002) (finding petitioner had no right to process under habeas statute or due process clause). The other cases involved deprivation of a protected right, not any deprivation of process attached to an unprotected right and thus do not support plaintiff's claimed "exception" to the principle that there is no property interest in procedures where there is no entitlement to the underlying benefit. See Schware v. Bd. of Bar Examiners of the State of New Mexico, 353 U.S. 232, 238-39 & n.5, 77 S. Ct. 752, 756 & n.5, 1 L. Ed. 2d 796 (1957) (characterizing right or privilege to practice law as property interest so that denial of opportunity to qualify to practice law violated applicant's due process rights); Goldsmith v. U.S. Board of Tax Appeals, 270 U.S. 117, 123, 46 S. Ct. 215, 217, 70 L.Ed. 494 (1926)(finding that applicant who satisfied board's published criteria for admission to practice was entitled to be admitted to practice under the board's rules and should not have been rejected without giving him an opportunity by notice for hearing and answer).

making the award, including the claimed right to protest MDHS's decision to award the subgrant to another applicant. It follows that plaintiff has no cognizable due process claim.

Accordingly, it is ordered that defendants' motion for summary judgment is granted.

A separate judgment will be entered in accordance with Rule 58 of the Federal Rules of Civil Procedure.

SO ORDERED this 2nd day of February, 2012.


                                          /s/ Tom S. Lee
                                          UNITED STATES DISTRICT JUDGE